In re WALDENGREEN ASSOCIATES, LTD., a Florida limited partnership d/b/a Waldengreen Apartments, Debtor.

Bankruptcy No. 91–04499–8P1.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Jan. 28, 1993.

Russell M. Blain, Tampa, FL, for debtor.

Lance H. Baker, Fort Lauderdale, FL, for Balcor Pension Investors V.

Hywel Leonard, Tampa, FL, for Cleve-Trust Realty Investors.

### ORDER DISMISSING CASE

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a yet-to-be confirmed Chapter 11 case which was commenced by a Petition for Relief on April 8, 1991. The matter under consideration is the confirmation of a renewed Motion to Dismiss this Chapter 11 filed by Balcor Pension Investors (Balcor) on October 20, 1992. The relief sought by both parties is based on the following facts, which are basically without dispute and may be summarized as follows.

The first Plan of Reorganization was filed on August 29, 1991. The Debtor failed to obtain the necessary acceptances and requested leave to file an amended Plan. The Amended Plan of Reorganization was filed on March 2, 1992. On June 5, 1992, this Court disapproved the Debtor's Amended Plan and Disclosure Statement, but granted leave to file a new Plan and new Disclosure Statement within 30 days of entry of the Order. On June 25, 1992, a Second Amended Plan of Reorganization and Disclosure Statement was filed, along with a Motion for Confirmation in Accordance with the cram down provisions in § 1129(b). Objections to the Second Amended Disclosure Statement and the Debtor's Motion for Confirmation pursuant to § 1129 were filed by Balcor, the holder of the second mortgage on the only asset of the Debtor, on July 28, 1992. On the same day, Balcor filed a "Motion for Classification of Claims" (sic). On August 21,

1992, this Court denied Balcor's Motion to Dismiss this Chapter 11 case for cause, i.e., for "bad faith" filing, and gave the Debtor an opportunity to resolve its problem with Balcor through its Motion for Cramdown. The Order further provided that if the Motion was resolved in favor of the Debtor, the Debtor should be given one and only one opportunity to obtain confirmation of its Second Amended Plan. The Order also provided that in the event the Debtor was unable to obtain confirmation, the Court would reconsider Balcor's Motion to dismiss. On October 20, 1992, Balcor filed the Renewed Motion to Dismiss.

On December 1, 1992, the Debtor filed a "Supplement" to the Second Amended Disclosure Statement and a "Modification to the Debtor's Second Amended Plan." On December 2, 1992, this Court heard oral argument on the Disclosure Statement and Balcor's Motion for Classification. In its Order dated January 4, 1993, this Court approved the Second Amended Disclosure Statement as supplemented, set the confirmation hearing for January 19, 1993, and deferred ruling on Balcor's Motion to Dismiss this Chapter 11 case. Moreover, this Court specifically ruled at the hearing held on December 2, 1992 that no additional supplements or modifications of the Plan would be permitted. In direct violation of this ruling, the Debtor filed an Amended Modification to Debtor's Second Amended Plan of Reorganization on December 3, 1992, one day after the hearing.

At the duly scheduled confirmation hearing, counsel for the Debtor announced that he was unable to proceed and request confirmation because the Debtor was not able to obtain the requested majority of affirmative votes in each of the following impaired classes: class three, CleveTrust Realty Investors (CleveTrust), the holder of the first mortgage on the property, the only asset of this Debtor; class four, Balcor, the holder of the second mortgage on the same property; class five, general unsecured creditors who claims are more than $1,000.00; and class six, creditors whose claims are less than $1,000.00, classified for administrative convenience. It is important to note that the actual claims in this class total $694.30.

■ The initial difficulty with the Plan under consideration is not only the Debtor's inability to secure the votes required for confirmation, but more importantly, the Plan, as provided, violates the absolute priority rule and for this reason cannot be confirmed by virtue of § 1129. In order to overcome this obstacle, counsel for the Debtor urges that the limited partners' contribution would represent a new value which would satisfy the absolute priority rule. Close analysis of this provision of the Plan indicates that the most that could be said for this new value is that it is highly problematic. Under the Plan, the limited partners have an option to deliver a promissory note in the amount of $400,000, payable in three installments over three years, the first installment of $200,000 due and payable on May 31, 1993, the second installment of $100,000 due and payable on May 31, 1994, and the third installment of $100,000 due and payable on May 31, 1995. First of all, whether or not the promissory notes could be accepted as new value is highly questionable. More importantly, the limited partners have only an option and are not required to execute promissory notes.

■ In a last ditch effort to save this Plan, the Debtor contends that Balcor allegedly influenced the holder of the first mortgage, CleveTrust, to vote against the Plan. The Debtor further contends that Balcor purchased the unsecured claims in class six and, therefore, if the Debtor is given an opportunity to investigate further, it might be able to prevail and obtain an order disenfranchising the votes of CleveTrust and the general unsecured claims in class six. There is absolutely no evidence, however, in this record that Balcor acted improperly in acquiring the unsecured claims in class six. Moreover, as noted earlier, this Court made it crystal clear that the Debtor would not be permitted to make any further amendments to the Plan and was given one single opportunity to seek confirmation. Based on the history of this case, this Court is satisfied that the time

has arrived to bring this case to a halt and grant Balcor's Motion to Dismiss this Chapter 11 case.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that confirmation of the Plan of Reorganization as filed is denied. It is further

ORDERED, ADJUDGED AND DE-CREED that Balcor's Motion to Dismiss this Chapter 11 case is hereby granted, and this case is dismissed.

DONE AND ORDERED.